UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEANDRA Y. COLEMAN,

                                  Plaintiff,

                  v.

NANCY A. BERRYHILL,[1] Commissioner of
  Social Security,

                                  Defendant.

**DECISION
and
ORDER**

**18-CV-104F**
(**consent**)

_____

APPEARANCES:             LAW OFFICES OF KENNETH HILLER, PLLC
                                    Attorneys for Plaintiff
                                    KENNETH R. HILLER,
                                    BRANDI CHRISTINE SMITH, and
                                    IDA M. COMERFORD, of Counsel
                                    6000 North Bailey Avenue,
                                    Suite 1A
                                    Amherst, New York 14226

                                    JAMES P. KENNEDY, JR.
                                    UNITED STATES ATTORNEY
                                    Attorney for Defendant
                                    Federal Centre
                                    138 Delaware Avenue
                                    Buffalo, New York 14202
                                          and
                                    ELIZABETH ROTHSTEIN,
                                    Special Assistant United States Attorney, of Counsel
                                    Social Security Administration
                                    Office of General Counsel
                                    26 Federal Plaza
                                    Room 3904
                                    New York, New York 10278
                                          and

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on April 17, 2018, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

DENNIS J. CANNING, and
				PAMELA McKIMENS,
				Special Assistant United States Attorneys, of Counsel
				Social Security Administration
				Office of General Counsel
				601 East 12th Street
				Room 965
				Kansas City, Missouri 64106

## **JURISDICTION**

On June 19, 2018, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 7). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on September 14, 2018 (Dkt. 15), and by Defendant on November 8, 2018 (Dkt. 18).

## **BACKGROUND**

Plaintiff Leandra Y. Coleman ("Plaintiff"), brings this action under the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on February 13, 2014, for Supplemental Security Income under Title XVI of the Act ("SSI" or "disability benefits"). AR[2] at 213, 329-72. Plaintiff alleges she became disabled on August 24, 2012, AR at 338, based on asthma, bronchitis, arthritis, and anxiety. AR at 342. Plaintiff's application initially was denied on June 10, 2014, AR at 213-17. At Plaintiff's timely request, on November 17, 2016, a hearing ("the administrative hearing"), was held in Buffalo, New York, by video conferencing before administrative law judge Gregory M. Hamel ("ALJ Hamel" or "the

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on May 14, 2018 (Dkt. 5).

ALJ"), located in Alexandria, Virginia. AR at 140-85.[3]  Appearing and testifying at the administrative hearing were Plaintiff, represented by legal counsel Kelly Laga, Esq., with vocational expert ("VE") Stephanie Archer ("VE Archer") appearing and testifying by telephone. *Id.*

On December 9, 2016, the ALJ issued a decision denying Plaintiff's claim. AR at 50-69 ("the ALJ's decision"). Plaintiff requested review of the ALJ's decision by the Appeals Council, as well as an extension of time to submit additional evidence, which request the Appeals Council granted on February 17, 2017. AR at 10-12. On November 22, 2017, the Appeals Council issued a decision indicating the new evidence Plaintiff submitted either did not show a reasonable probability of changing the outcome or did not relate to the period at issue and, thus, was not considered or exhibited, and denied Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. AR at 1-6. On January 22, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On September 14, 2019, Plaintiff filed a motion for judgment on the pleadings (Dkt. 15) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 15-1) ("Plaintiff's Memorandum"). On November 8, 2018, Defendant filed a motion for judgment on the pleadings (Dkt. 18) ("Defendant's Motion"), attaching Commissioner's Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's

---

[3] An earlier administrative hearing, also by video conferencing before ALJ Hamel, was held August 8, 2016, but Plaintiff did not appear and ALJ Hamel gave Plaintiff ten days to show good cause for her absence from the hearing if Plaintiff wanted to reschedule the hearing. AR at 186-202, 273-75. By letter dated August 18, 2016, Plaintiff's attorney provided proof that Plaintiff's unexpected viral illness prevented her from attending the August 8, 2016 administrative hearing, and requested the hearing be rescheduled. AR at 276-86. Determining that Plaintiff had established good cause for failing to appear on August 8, 2016, the ALJ rescheduled the administrative hearing for November 17, 2016. AR at 53.

Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. 18-1) ("Defendant's Memorandum").  In further support of Plaintiff's Motion, Plaintiff filed on November 29, 2018, Plaintiff's Response to the Commissioner's Brief in Support and in Further Support of Plainitff's Motion for Judgment on the Pleadings (Dkt. 19) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED.  The matter is remanded for further administrative proceedings.

## **FACTS**[4]

Plaintiff Leandra Y. Coleman ("Plaintiff" or "Coleman"), born January 29, 1967, was 45 years old as of August 24, 2012, her alleged disability onset date ("DOD"), and 49 as of the November 17, 2016 administrative hearing.  AR at 63, 338.  Plaintiff attended regular classes in high school through the 11th grade, had vocational training as a certified nurse's aide, and had previously worked as a nurse's aide and as a janitor, AR at 145, 343, and asserts her medical conditions caused her to stopped working on October 12, 2009.  AR at 145-46, 342.  As of the date of the administrative hearing, Plaintiff lived with two of her five children, then ages 16 and 21, and her elderly mother, AR at 148, all who shared in household chores, AR at 149, with Plaintiff estimating she did half the household chores, AR at 168, but Plaintiff cooked for her family every day.  AR at 167.  Plaintiff did not drive but relied on rides from others, watched television, listened to music, read books, and played cards, and did not socialize much with others outside her family.  AR at 149-51.  Plaintiff used a walker

---
[4] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for determining the pending motions for judgment on the pleadings.

4

when she went out, AR at 155-56, 160, and a brace for each hand for carpal tunnel syndrome. AR at 159-60. When grocery shopping, Plaintiff used a motorized cart. AR at 160. Plaintiff, an asthmatic with chronic obstructive pulmonary disease ("COPD"), is a long-time smoker who has been gradually cutting back, and has been treated for alcohol abuse, yet drinks 40 ounces of beer one to three times a week. AR at 154-55, 165-66. Plaintiff lost the sight in her right eye as a young child, AR at 166, and struggled with her weight. AR at 146, 157. Plaintiff received much of her regular medical care through Medical Care of Western New York ("Medical Care – WNY"), AR at 151, and from Sisters of Charity Hospital ("Sisters Hospital"), in Buffalo, New York. AR at 495-580.

## DISCUSSION

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir.

5

2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**2.    Disability Determination**

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity ("SGA") during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

6

404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement,[6] there is a presumption of inability to perform SGA and the claimant is deemed disabled regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

---

[6] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

In the instant case, the ALJ found Plaintiff has not engaged in SGA since applying for disability benefits on February 13, 2014, AR at 56, that Plaintiff suffers from the severe impairments of lumbar back and hip pain with osteoarthritis and lumbosacral disc disease, asthma with bronchitis and COPD, carpal tunnel syndrome, migraine headaches, and loss of vision in the right eye, *id.* at 56-57, but that other medical conditions for which Plaintiff was treated, including cough, stress incontinence, stable hypertension, sinusitis, heel spur, anxiety, chest wall pain, general body aches, gastroenteritis, gastroesophageal reflux disease ("GERD"), hepatitis C, and obesity, caused no more than a minimal degree of limitation in Plaintiff's ability to work and, thus, are by definition not severe. AR at 56-57. Further, Plaintiff's history of treatment for alcohol intoxication, anxiety state with adjustment disorder also are not severe impairments. AR at 56-58. Nor does Plaintiff have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpt. P, App. 1, *id.* at 58-59, but retains the RFC to perform light work limited to occasionally climbing stairs, balancing, stooping, kneeling, crouching, and crawling, cannot climb ladders and similar devices, work in hazardous environments, temperature extremes, in exposure to high levels of humidity and wetness, or to high concentrations of dust, fumes, gases, and other pulmonary irritants. AR at 59-63.

The ALJ further found Plaintiff unable to perform any past relevant work, AR at 63, yet given Plaintiff, at age 47, was considered a younger individual, her limited education, and ability to communicate in English, with no transferable skills from her past work experience and RFC, jobs exist in significant number in the national economy that Plaintiff can perform including, at the light exertion level, as a cleaner and small

8

parts assembler, and, at the sedentary exertion level, as an order clerk and telephone information clerk, such that Plaintiff is not disabled as defined under the Act.  *Id.* at 63-64.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues the ALJ erred at step four in evaluating Plaintiff's RFC, Plaintiff's Memorandum at 19-23, and the Appeals Council erred in failing to consider the evidence submitted after the ALJ's decision, which Plaintiff maintains was new and material.  *Id.* at 24-28.  Defendant maintains the ALJ's RFC determination was proper, Defendant's Memorandum at 13-16, and the Appeals Council gave proper consideration to the additional evidence.  *Id.* at 16-18.  In reply, Plaintiff argues Defendant references only evidence supporting the ALJ's RFC determination, Plaintiff's Reply at 1-2, and fails to recognize the significance of the new evidence submitted to the Appeals Council.  *Id.* at 2-4.  Careful review of the administrative records establishes, as discussed below, the ALJ's decision is not supported by substantial evidence requiring remand.

**A.     Step Four**

Plaintiff argues the ALJ erroneously relied on the medical opinion of consultative examiner Donna Miller, D.O. ("Dr. Miller"), who found no evidence that Plaintiff had an antalgic gait (gait abnormality developed to avoid pain while walking), ignored the plethora of evidence of Plaintiff's abnormal gait and need for an ambulatory aide, and assessed Plaintiff's RFC without any evidence in the record as to Plaintiff's ability to sit, stand, or walk or consideration of Plaintiff's use of an ambulatory aide.  Plaintiff's Memorandum at 19-23.  Defendant maintains Dr. Miller's opinion was consistent with the totality of the evidence, including Plaintiff's admitted activities of daily living and,

9

thus, the ALJ properly afforded the opinion great weight. Defendant's Memorandum at 13-16. In reply, Plaintiff reiterates the ALJ failed to address numerous inconsistencies between the physical examination findings of Dr. Miller as compared to those of Plaintiff's treating providers. Plaintiff's Reply at 1-2.

Plaintiff argument, Plaintiff's Memorandum at 20, is correct that the administrative record is devoid of any functional assessment of Plaintiff's ability to perform the demands of light or exertional work, which is particularly significant given there remains a question as to Plaintiff's ability to sit, stand and walk.[7] In particular, although upon examining Plaintiff on May 20, 2014, in connection with Plaintiff's disability benefits application Dr. Miller found Plaintiff with a "normal" gait and stance, AR at 446, Dr. Miller further commented that Plaintiff had a "wheeled walker" which Plaintiff reported was "doctor prescribed" and used "as needed," for "weightbearing, pain, and balance." AR at 446. Dr. Miller, however, did not opine as to Plaintiff's ability to sit, stand or walk, nor did Dr. Miller comment either that Plaintiff did, or did not, need the walker. Although the ALJ noted that the walker was prescribed by Medical Care – WNY October 2015, the

---

[7] As defined under the applicable regulations, "light" work
> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).
Further, "sedentary" work
> involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carryout job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

ALJ further noted that when prescribing the walker, the medical provider did not comment on any leg weakness or other physical examination findings suggestive of a need for any ambulatory device, and that "other physical examinations conducted at that facility did not refer to any gait abnormality . . . ." AR at 60 n. 2. This determination is contrary to the record.

Specifically, Plaintiff was referred by Michael D. Calabrese, M.D. ("Dr. Calabrese") her treating physician, to physical therapy ("PT") at Medical Care – WNY, for low back pain extending into both legs. AR at 484. At Plaintiff's initial PT evaluation on April 12, 2016, she was assessed as able to sit for 30 minutes, stand for 30 minutes, and walk ½ block. *Id*. Plaintiff's posture was "fair" when sitting and standing, and she had decreased ranges of motion and strength in her lumbar spine and in both hips. *Id*. Physical Therapy Progress Notes ("PT Notes") show that at each of the PT sessions Plaintiff attended after the initial evaluation, Plaintiff was found with limited ranges of motion and strength in her lumbar spine, hips and knees. AR at 486-488. This is consistent with Plaintiff's hearing testimony that she primarily used the walker when she left her house, AR at 155-56, 160, because she could only stand 15 to 30 minutes before having to sit for 15 to 30 minutes, AR at 149, 160-61, and that she used the motorized grocery cart when grocery shopping. AR at 160. Furthermore, in treatment notes from Plaintiff's monthly physical examinations at Medical Care – WNY, Plaintiff is repeatedly reported with an antalgic gate. *See, e.g.*, AR at 397 (May 1, 2014), 400 (April 2, 2014), 405 (February 5, 2014), 414 (December 3, 2013), and 422 (September 10, 2013). Nor did the ALJ acknowledge Plaintiff exhibited muscle spasms in her lumbar spine. *See, e.g.*, AR at 405 (February 5, 2014), 418 (November 4, 2013), 425

11

(August 14, 2013).  Accordingly, the ALJ's determination that Plaintiff's statements regarding the persistent and limiting effects of her symptoms are inconsistent with the medical evidence is not supported by substantial evidence in the record.

Although the ALJ is not required to obtain a functional assessment as to the limitations posed by the claimant's impairments to her ability to perform work-related activities, if the record contains sufficient evidence from which the ALJ can assess the claimant's RFC, *see, cf., Tankisi v. Comm'r of Soc. Sec.*, 521 Fed.Appx. 29, 34 (2d Cir. Apr. 2, 2013) (holding ALJ not required to obtain treating physician's opinion where opinions of consulting physician and disability examiner provided thorough description of claimant's condition and findings were supported by claimant's extensive medical record), for the reasons discussed above, such is not the case here.  Further, by failing to obtain a functional assessment as to the limitations Plaintiff's impairments posed to her ability to perform work-related activities, particularly to sit, stand, and walk, the ALJ essentially substituted his own lay opinion for that of an accepted medical authority or treating source.  *Reithel v. Comm'r of Soc. Sec.*, 330 F.Supp.3d 904, 912 (W.D.N.Y. 2018) ("an ALJ cannot substitute her own lay opinion in place of established acceptable medical authorities or treating sources") (citing *Morsemen v. Astrue*, 571 F.Supp.2d 390, 397 (W.D.N.Y. 2008)).

The ALJ's step four assessment of Plaintiff's RFC thus is unsupported by substantial evidence in the record and requires remand.

**B.    New Evidence**

Having decided to remand the case for further proceedings, the court addresses whether, upon remand, the new evidence Plaintiff provided to the Appeals Council

qualifies under the regulations as "new" and "material" which would require the evidence be considered upon remand. Plaintiff submitted additional medical records to the Appeals Council for consideration on Plaintiff's appeal of the ALJ's Decision, but such evidence was not considered either because there was no reasonable probability the evidence would change the outcome of the ALJ's decision, or the additional evidence did not relate to the relevant period of time, *i.e.*, prior to the ALJ's December 9, 2016 decision. AR at 2.

Upon remand, the district court may order "new evidence which is material and that there is good cause for the failure to incorporate [ ] into the record in a prior proceeding" to be considered. 42 U.S.C. § 405(g). To meet this test, the proffered evidence must be "new and not merely cumulative of what is already in the record." *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988). "New evidence is 'material' if it is both (1) 'relevant to the claimant's condition during the time period for which benefits were denied' and (2) 'probative.'" *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (quoting *Tirado*, 842 F.2d at 597 (internal quotation marks and citations omitted)). "The concept of materiality requires, in addition, a reasonable probability that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Id*. "Good cause" for failure to present the evidence earlier may be shown where a new diagnosis is based on a recent evaluation and assessment of response to treatment. *Tirado*, 842 F.2d at 597 (citing *Tolany v. Heckler*, 756 F.2d 268, 272 (2d Cir. 1985)).

Here, the newly submitted evidence includes additional treatment notes from Medical Care – WNY from May 2016 through November 2016, AR at 93-117, which

13

reiterates that Plaintiff ambulates with an antalgic gait, uses a walker when ambulating, and changes position while seated to alleviate discomfort.  *See, e.g.*, AR at 111.  These records are relevant to the period of time in which Plaintiff had to establish disability, were generated in part after Plaintiff's hearing, and although in one sense are cumulative, given the ALJ's failure to appreciate that Plaintiff's medical records establish Plaintiff has an antalgic gate, are material to her claim.  Medical records from Erie County Medical Center dated October 1, 2016 through December 3, 2016, AR at 71-91, were generated in connection with an October 1, 2016 accident in which Plaintiff, while on a motorized scooter, was struck by a motor vehicle, causing Plaintiff to fall to the ground, hitting her head and losing consciousness.  This material also relates to the relevant period of time, and is not merely cumulative of Plaintiff's previous records given the accident occurred after the administrative hearing.  The remainder of the newly submitted evidence consists of diagnostic testing on December 29, 2016, including MRIs of Plaintiff's left hip, left shoulder, cervical spine, lumbar spine, and thoracic spine, AR at 36-49, as well as treatment notes of Plaintiff's examinations at Medical Care – WNY in follow-up to the October 1, 2016 accident and discussion of the MRIs.  AR at 12-34.  Although such testing occurred after the ALJ's December 9, 2016 hearing decision, because the testing pertains to the October 1, 2016 accident, the records pertain to the relevant period of time.  *See Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (holding medical evidence generated after the ALJ rendered his decision that directly supported many of the claimant's earlier contentions regarding the claimed disabling condition was material and should have been considered).

Accordingly, the ALJ is directed to consider the new evidence upon remand.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 15) is GRANTED; Defendant's Motion (Dkt. 18) is DENIED. The matter is remanded for further proceedings consistent with this Decision and Order. The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: June 13th, 2019
Buffalo, New York